**In re CARPENTER AND McALEER ASSOCIATES.**

Ross J. WABEKE, Trustee of the jointly-administered Estates of Carpenter and McAleer Associates, Mariann McAleer and Lyle D. Carpenter, Plaintiff,

v.

SILVER & HAYES, P.C., a Professional Corporation, Silver, Robinson, Tobin & Associates, P.C., as successor-in-interest to Silver & Hayes, P.C., Jack Silver and Peggy Stevens, Defendants.

No. 90–1447 SBB (BK).

United States District Court, D. Colorado.

March 10, 1993.

I.

The facts necessary for resolution of the pending motion to intervene are not in dispute. On May 25, 1990, defendant Silver & Hayes, P.C., now known as Silver, Robinson & Barrick, P.C. (SRB), entered into a lease for office space at Denver Place, an office building located in downtown Denver, Colorado. To secure the lease, SRB conveyed to Denver Place a security interest in, among other things, accounts receivable. SRB later defaulted on the lease.

After default, on May 1, 1992, Denver Place served a written notice (the notice) on Women's Bank, N.A. (the Bank). In the notice, Denver Place demanded that the Bank pay to it all sums held in checking and savings accounts as proceeds from SRB's accounts receivable. As a result of this notice the Bank froze SRB's account.

On May 5, 1992, Ross J. Wabeke, as Trustee of the estate of Carpenter and McAleer Associates, et al., (Trustee) obtained a judgment in the United States Bankruptcy Court for the District of Colorado against SRB in the amount of $106,000. The Trustee served a writ of garnishment on the Bank on May 7, 1992. In response to the writ of garnishment, the Bank answered that it was holding $32,124.91 for the court's direction because of the notice it had received from Denver Place. On May 19, 1992, Denver Place filed its motion to intervene in this garnishment proceeding asserting a priority lien on SRB's funds held by the Bank based upon its perfected security interest in the proceeds of SRB's accounts receivable.

On August 18, 1992, Magistrate Judge Borchers held a hearing on the motion to intervene and subsequently denied the motion. Judge Borchers concluded that there was no legal basis on which Denver Place could successfully pursue its claim for the money in the deposit account held by the Bank because Denver Place never perfected its security interest as required by Colo.Rev. Stat. § 4-9-302, Denver Place never had actual possession of the accounts receivable, the Bank was not a bailee of SRB, and the notice served upon the Bank by Denver Place did not perfect any security interest.

Christine Jobin, Bonnie A. Bell, Dana M. Arvin, Katch Wasserman & Jobin, Denver, CO, for plaintiff.

Marcie K. Bayaz, Holmes & Starr, Denver, CO, for defendants.

Martin A. Bloom, Solomon Murr Bloom & Parrish, Denver, CO, for Proposed intervenor.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

In this adversary proceeding to enforce, through garnishment, a judgment entered by the bankruptcy court, Denver Place Associates Limited Partnership (Denver Place) seeks review of Magistrate Judge Borcher's denial of its motion to intervene. On review, I agree with the Magistrate Judge as to the denial of the motion but for somewhat different reasons.

## II.

Denver Place argues that the Magistrate Judge misconstrued the thrust of its argument; Denver Place asserts a priority lien on the *proceeds* of SRB's accounts receivable, not the accounts receivable themselves. Denver Place argues that: (1) C.R.S. § 4-9-306(3) permits the holder of an unperfected security interest in collateral to perfect its interest directly in the proceeds of that collateral, (2) because the proceeds of SRB's accounts receivable were cash proceeds at the time Denver Place sought to perfect its security interest, the only way to perfect that interest was by taking actual or constructive possession of the proceeds, and (3) a constructive bailment was created between Denver Place and the Bank on May 1, 1992 when the Bank received the notice. As a result, Denver Place contends it has a prior perfected security interest in the cash proceeds.

SRB argues that: (1) Denver Place cannot perfect a security interest in proceeds if the security interest in the original collateral was not perfected, and (2) even if perfection by possession of the cash proceeds were recognized, Denver Place has no valid security interest because the bank is not a bailee of Denver Place. I agree with SRB.

■ C.R.S. § 4-9-306 addresses the perfection of a security interest in proceeds. Sections 4-9-306(3)(a), (b) and (c) provide for an automatic continuous perfected security interest in proceeds but only if the interest in the original collateral was perfected. Section 4-9-306(3) provides:

(3) The security interest in proceeds is a continuously perfected security interest if the interest in the original collateral was perfected, but it ceases to be a perfected security interest and becomes unperfected ten days after receipt of the proceeds by the debtor unless:

(a) A filed financing statement covers the original collateral and the proceeds are collateral in which a security interest may be perfected by filing in the office or offices where the financing statement has been filed and, if the proceeds are acquired with cash proceeds, the description of collateral in the financing statement indicates the types of property constituting the proceeds; or

(b) A filed financing statement covers the original collateral and the proceeds are identifiable cash proceeds; or

(c) The security interest in the proceeds is perfected before the expiration of the ten-day period.

Except as provided in this section, a security interest in proceeds can be perfected only by the methods or under the circumstances permitted in this Article for original collateral of the same type.

Denver Place admits it never perfected its security interest in the underlying accounts receivable. It argues, however, that the final paragraph of § 4-9-306(3) expressly permits the holder of an unperfected security interest in the collateral to perfect its security interest directly in the proceeds of that collateral. SRB argues, on the other hand, that Denver Place cannot perfect a security interest in proceeds if the security interest in the original collateral was not perfected. I agree with SRB's position. Denver Place has cited no case law where the holder of an unperfected security interest in collateral was able to perfect a security interest in proceeds of that collateral under C.R.S. § 4-9-306(3) or the equivalent statute in another state. I conclude that the final paragraph of § 4-9-306(3) must be read in context of the entire section and that this paragraph addresses the means to perfect an interest in proceeds beyond the ten day period, when the previously perfected interest ceases to be perfected under the section. *See 2 James J. White & Robert S. Summers, Uniform Commercial Code,* § 24-11, at 346 (3d ed. 1988).

Even if I were to determine that Denver Place could secure an interest in proceeds in this case, the Bank is not a bailee of Denver Place and, therefore, did not possess the proceeds on behalf of Denver Place. Although the Magistrate Judge concluded that the Bank was not a bailee of SRB, the issue here is whether the Bank is a bailee of Denver Place.

C.R.S. § 4-9-305 provides that a security interest is perfected by possession when a bailee receives notice of the secured party's interest. Because there is no definition of

bailee in Article 9 of the C.R.S., it is necessary to refer to state law to determine whether a bailment exists. C.R.S. § 4-1-103.

 A bailment is a delivery of personal property by one party to another in trust for a specific purpose, with an express or implied contract that the property will be returned or accounted for when the specific purpose has been accomplished or when the bailor reclaims the property. *Christensen v. Hoover,* 643 P.2d 525, 528–29 (Colo.1982). The creation of a constructive bailment requires no formal agreement and the relationship may arise by operation of law. *Id.* at 529.

It is the debtor's lack of possession coupled with actual possession by the creditor's bailee that serves to provide notice to prospective third party creditors that the debtor no longer has unfettered use of the collateral. *In re R. Van Kylen,* 98 B.R. 455, 466 (W.D.Wis.1989). Possession by the debtor or an individual closely associated with the debtor is not sufficient to alert prospective creditors of the possibility that the debtor's property is encumbered. *In re Copeland,* 531 F.2d at 1204.

SRB's relationship with the Bank is that of debtor/creditor. Denver Place argues that when the Bank received the notice of its interest in the deposit account, the Bank became a constructive bailee of Denver Place. Although Denver Place cites several cases to support its assertion that the Bank is a bailee, the facts of those cases are clearly distinguishable in that they involved escrow agreements or collateral held to secure a loan. *See In re Copeland,* 531 F.2d 1195 (3rd Cir.1976) (escrow agent became a bailee for a secured creditor); *In re Crabtree,* 48 B.R. 528 (E.D.Tenn.1985) (creditor #1 became bailee for creditor #2 where creditor #1 transferred a note to creditor #2 but inadvertently omitted to deliver possession of the stock securing the note); *In re Nichols,* 88 B.R. 871, 876 (C.D.Ill.1988) (escrow agent became a bailee for a secured creditor). Denver Place cites no case where the creditor in a debtor/creditor relationship between a bank and its depositor was converted to the bailee of a deposit account for the benefit of a third party. I conclude that there was no bailor/bailee relationship between Denver Place and the Bank and, therefore, Denver Place never had possession of the proceeds.

Accordingly, it is ORDERED that:

1) Denver Place's motion for review of Magistrate's memorandum, opinion and order is GRANTED.

2) Denver Place's motion for intervention in this garnishment proceeding is DENIED.